IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SANDRA ROMERO,                            :
                                          : CIVIL ACTION NO. 19-CV-____
        Plaintiff,                       :
vs.                                       :
                                          :
                                          :
GENUINE PARTS COMPANY d/b/a NAPA          :
AUTO PARTS,                               :
                                          :
        Defendant.                       :

## COMPLAINT - JURY TRIAL DEMANDED

**I.    INTRODUCTION**

1.  Plaintiff Sandra Romero brings this action for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. § 2000e *et seq.*, while she was an employee of Genuine Parts Company d/b/a NAPA Auto Parts (hereinafter "NAPA"). Specifically, she alleges that her employment was terminated as a result of Defendant's irrational fears about her when she notified them that she had been diagnosed with breast cancer, and that the Defendant's actions caused her mental distress and humiliation, and loss of employment and compensation. Plaintiff was invited to re-apply for work when she was released by her treating doctor to return to work. She did so but even though there were open positions Romero was not re-hired. NAPA's failure to re-hire her was based upon her disability. She seeks back pay, reinstatement or front pay, compensatory and punitive damages as well as attorneys fees and the costs of this action.

**II.    JURISDICTION**

2.     Jurisdiction of this civil rights action is conferred on this Court by 42 U.S.C. §§ 717(c) and 706, and 28 U.S.C. §§ 1331.

3.     Venue herein is proper under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3) as the acts complained of herein all occurred within this judicial district.

**III.    PARTIES**

4.     Plaintiff Sandra Romero is a citizen of the U.S. currently residing in Thornton, CO and is subject to the jurisdiction of this court.

5.     Defendant is now, and was at all relevant times, a corporate entity organized under the laws of the State of Colorado conducting business at 2101 E. Highway 224, Denver, CO.  At all relevant times Defendant has had at least 15 employees and is capable of being sued under the ADA and is subject to the jurisdiction of this court under that statute.

**IV.    STATEMENT OF FACTS**

6.     Romero was hired by Defendant as a part-time stocker on August 12, 2013.

7.     In September 2016, she received a diagnosis of breast cancer.

8.     Although she began treatment she did not need to discontinue working.

9.     Romero continued to work until December 8, 2016, when she suffered a medical complication.

10.    Initially she was supposed to return to work on March 24, 2017.

11.    However, due to this complication, Romero's physician requested that she not return to work until July 1, 2017.

12.    In mid-March Romero presented the documentation from her physician requesting that she be on leave until the first of July to the HR department.

13. She was informed at that time that the company could not hold her job open for that long.

14. Romero was told she would be terminated as she did not qualify for FMLA leave benefits, but was welcome to apply for an open position when she was released to return to work.

15. When Romero's treatment was completed on July 11, 2017, she reapplied to open positions within the company.

16. Romero was informed that the company had no open positions, although they continued to hire for similar positions of stocker.

17. The effects of plaintiff's condition in its untreated state significantly limits her in the major life activity of "living," and "cell division" among others. Plaintiff therefore has a disability within the meaning of the ADA, as amended.

18. Plaintiff was also regarded as having a disability by Defendant in that it refused to hire her in spite of her prior work performance and its promise that she would be considered for an open position and lied about there not being any open positions at the time she applied.

19. Defendant's actions as set forth above show that it believed plaintiff was a liability due to her diagnosis of breast and her need for time off for medical treatment and therefore it regarded her as having a disability.

20. Plaintiff is a qualified individual with a disability under the ADA as she possessed the necessary qualifications for the job of stocker, (having performed the job in the past) and was able to perform the essential functions of the position with or without a reasonable accommodation.

# COUNT I

## ADA VIOLATION FOR FAILURE TO ACCOMMODATE

21. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 20 as though set forth fully herein.

22. The unlawful actions of defendant in refusing to accommodate her which directly led to her firing constitutes an intentional violation of the Americans with Disabilities act, Title 42 U.S.C. § 12101, et seq.

23. As a direct result of defendant's willful and unlawful actions in violation of the ADA, plaintiff has suffered emotional pain and distress, and has sustained a loss of earnings and benefits, and a loss of front pay.

24. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under the ADA, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## COUNT II

## ADA VIOLATION FOR FAILURE TO RE-HIRE

25. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 24 as though set forth fully herein.

26. The unlawful actions of defendant in refusing to re-hire plaintiff on the basis of her disability constitutes an intentional violation of the Americans with Disabilities act, Title 42 U.S.C. § 12101, et seq.

27. As a direct result of defendant's willful and unlawful actions in violation of the ADA, plaintiff has suffered emotional pain and distress, and has sustained a loss of earnings and benefits, and a loss of front pay.

28. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under the ADA, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 2nd day of October, 2019.

        Respectfully submitted,

By: <u>*s/Ralph E. Lamar, Esq.*</u>
   Ralph E. Lamar
   CO Attorney I.D. No.  44123
   8515 Braun Loop
   Arvada, CO 80005
   (303) 345-3600
   ralphlamar@ymail.com

   Attorney for Plaintiff